

FILED IN
OPEN COURT

**U.S. Department of Justice** May 12, 2015

**Carmen M. Ortiz**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 2, 2015

Kathleen S. Lucey, Esq.
P.O. Box 3035
Acton, MA 01720
(413) 336-7822

> Re:   United States v. Carla Marsh
>        Criminal No. 15-CR-10111

Dear Ms. Lucey:

This letter sets forth the Agreement between the United States Attorney's Office for the District of Massachusetts and the Environmental Crimes Section of the U.S. Department of Justice (collectively "the government" or "the United States") and your client, Carla Marsh ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.     Change of Plea

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement, charging her with: conspiring to smuggle endangered and protected wildlife from the United States, in violation of 18 U.S.C. §371, Count One; making a false wildlife record, in violation of 16 U.S.C. §§3372(d) and 3373(d)(3)(A)(i) and 18 U.S.C. §2, Count Two; and Smuggling from the United States, in violation of 18 U.S.C. §§554 and 2, Count Three. Defendant expressly and unequivocally admits that she committed the crimes charged in the Information, did so knowingly and intentionally, and is in fact guilty of those offenses. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

Defendant agrees that the accompanying statement of facts is a true and accurate statement of her criminal conduct.

2.     Penalties

2

Defendant faces the following maximum penalties: Count One, conspiracy to smuggle endangered and protected wildlife from the United States, incarceration for not more than 5 years, supervised release for 3 years, a fine of $250,000, or twice the gross gain/loss, whichever is greater, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information; Count Two, smuggling goods from the United States, incarceration for not more than 10 years, supervised release for 3 years, a fine of $250,000, or twice the gross gain/loss, whichever is greater, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information; and Count Three, making a false wildlife record, incarceration for not more than 5 years, supervised release for 3 years, a fine of $250,000, or twice the gross gain/loss, whichever is greater, a mandatory special assessment of $100, restitution, and forfeiture to the extent charged in the Information.

### 3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act, and the advisory United States Sentencing Guidelines ("USSG" or "Guidelines"). While the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine, it must consult and take into account the USSG and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that Defendant's total offense level under the USSG (prior to any adjustment for acceptance of responsibility) is calculated as follows:

- in accordance with USSG §2Q2.1(a), Defendant's base offense level is 6, because the offenses involve wildlife;

- in accordance with USSG §2Q2.1(b)(1)(A), Defendant's offense level is increased by 2, because the offenses were committed for pecuniary gain or otherwise involved a commercial purpose; and

- in accordance with USSG §2Q2.1(b)(3)(A)(ii) and §2B1.1(b)(1)(H), Defendant's offense level is increased by 14, because the market value of the wildlife exceeded $400,000.

The Defendant agrees to abandon all right, title and interest, and to forfeit to the United States the items seized by the U.S. Fish & Wildlife Service from her business premises in Middlesex, Massachusetts, and identified on the Department of Interior - U.S. Fish & Wildlife Service Property Receipt attached hereto as items 1-16.

The United States and Defendant agree that there is no basis for a departure from the USSG or for a sentence outside the USSG under the factors set forth in 18 U.S.C. § 3553(a), except as explicitly reserved below. Accordingly, neither the United States nor Defendant will seek a departure from, or a sentence outside, the USSG, except as set forth below.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the United States at this time, the United States agrees to recommend that the Court reduce by three levels Defendant's adjusted offense level under USSG §3E1.1.

The United States reserves the right not to recommend a reduction under USSG §3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing, Defendant:

      (a)      Fails to admit a complete factual basis for the guilty plea;

      (b)      Fails to truthfully admit Defendant's conduct in the offenses of conviction;

      (c)      Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG §1B1.3;

      (d)      Fails to provide truthful information about Defendant's financial status;

      (e)      Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG §1B1.3;

      (f)      Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG §3C1.1;

      (g)      Intentionally fails to appear in Court or violates any condition of release;

      (h)      Commits a crime;

      (i)      Transfers any asset protected under any provision of this Agreement; or

      (j)      Attempts to withdraw Defendant's guilty plea.

Defendant understands and acknowledges that Defendant may not withdraw her plea of guilty if, for any of the reasons listed above, the United States does not recommend that Defendant receive a reduction in offense level for acceptance of responsibility. Defendant also understands and acknowledges that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the United States may seek an upward adjustment pursuant to USSG §3C1.1 if Defendant obstructs justice after the date of this Agreement.

Nothing in this Agreement affects the United States' obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.     Sentence Recommendation

In the event the United States determines that Defendant has not provided substantial

4

assistance pursuant to Paragraph 9, the United States agrees to recommend the following sentence before the Court:

> (a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3;
>
> (b) a fine within the Guidelines sentencing range as calculated by the parties in Paragraph 3, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;
>
> (c) 24 months of supervised release; and
>
> (d) a mandatory special assessment of $200.

Defendant agrees to provide the United States expert reports, motions, memoranda of law and documentation of any kind on which Defendant intends to rely at sentencing not later than 21 days before sentencing. Any basis for sentencing as to which Defendant has not provided the United States all such items at least 21 days before sentencing shall be deemed waived.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset that has been restrained by Order of the Court in this case.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which Defendant has an interest without prior express written consent of the United States, except for:

> (a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;
>
> (b) Ordinary living expenses necessary to house, clothe, transport, and feed Defendant and those to whom Defendant owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and
>
> (c) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture, and restitution ordered by the Court at sentencing

5

is satisfied in full.

Defendant further agrees to complete truthfully and accurately the sworn financial statement enclosed with this Agreement and to deliver that statement to the United States within 30 days of signing this Agreement.

7.    Waiver of Rights to Appeal and to Bring Future Challenges

(a)    Defendant has conferred with her attorney and understands that she has the right to challenge both her conviction and her sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) be set aside or reduced.

(b)    Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

(c)    Defendant agrees that, if the Court grants the United States' motion for a downward departure pursuant to USSG §5K1.1 and does, in fact, depart downward on that basis, Defendant will not file a direct appeal or challenge in a future proceeding (collateral or otherwise) Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution). If the Court does not downwardly depart pursuant to USSG §5K1.1, Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any imprisonment sentence of 37 months or less or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Agreement.

(d)    This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant understands and acknowledges the U.S. Attorney has retained all appeal rights.

(e)    Notwithstanding the previous sub-paragraphs, Defendant reserves the right to claim that Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*.

8.    Other Post-Sentence Events

(a)    In the event that, notwithstanding the waiver provision of sub-paragraph 7(c), Defendant appeals or challenges in a future proceeding (collateral or

otherwise) Defendant's sentence, the United States reserves the right to argue the correctness of the sentence imposed by the Court, in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in sub-paragraph 7(c).

(b)     If, notwithstanding the waiver provision of sub-paragraph 7(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

(c)     In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the United States reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the United States advocated at Defendant's initial sentencing pursuant to this Agreement.

9.     Cooperation

(a)     Terms of Cooperation: Defendant agrees to cooperate fully with law enforcement agents and government attorneys. Defendant must provide complete and truthful information to all law enforcement personnel. If Defendant's testimony is requested, Defendant must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions posed by any law enforcement agents and government attorneys and must not withhold any information. Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, Defendant must furnish all documents, objects and other evidence in Defendant's possession, custody or control that are relevant to the government's inquiries.

Defendant understands that she has a right to have counsel present when communicating with representatives of the government about the criminal conduct with which Defendant has been charged. To facilitate Defendant's cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. Defendant or Defendant's counsel may revoke this waiver with a specific request at any time without otherwise affecting the terms or enforceability of this Agreement.

To ensure that the Court has all relevant sentencing information, Defendant waives any rights to prompt sentencing and will join in any requests by the United States that sentencing be postponed until Defendant's cooperation is

complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

(b)     Substantial Assistance Motion: Should Defendant provide substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the United States agrees that, at or before sentencing, the United States will file a motion under USSG §5K1.1 to recommend that the Court impose a sentence below the advisory Guidelines sentencing range.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the United States and is not subject to appeal or review. The United States will make this determination based on the truthfulness and value of Defendant's assistance, regardless of the outcome or result of any proceeding or trial. The United States reserves the right to decline to file a motion pursuant to USSG §5K1.1 if Defendant violates any condition of pretrial release, violates any of the requirements of honesty and candor detailed in sub-paragraph (a) above, or engages in any criminal conduct after the date Defendant signs this Agreement. Defendant may not withdraw her guilty plea if the United States determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the United States' motion for a downward departure.

(c)     Sentence Recommendation with Substantial Assistance: If Defendant provides substantial assistance, subject to all of the provisions of sub-paragraphs (a) and (b) above, the United States will advise the Court of the full nature, extent, and value of the assistance provided by Defendant. The United States reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing, subject to the requirements of sub-paragraph (b) above.

(d)     Letter Immunity: In return for Defendant's full and truthful cooperation, the United States agrees not to use any information provided by Defendant pursuant to this Agreement (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution: (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The United States reserves the right to respond fully and accurately to all requests for information by the Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to

the constraints identified in USSG §1B1.8(a) and its commentary on the use of this information by the Court and U.S. Probation Office. Notwithstanding the provisions of USSG §1B1.8(b)(5) and its commentary, the United States agrees to take the position at sentencing that information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable Guidelines sentencing range to sentence Defendant or in determining whether, or to what extent, a departure from the USSG is warranted.

If the United States determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the United States may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against Defendant in the District of Massachusetts, including, but not limited to, false statements and perjury.

## 10. Court Not Bound by Agreement

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the United States reserves the right to defend the Court's calculations and sentence in any direct appeal or future challenge (collateral or otherwise).

## 11. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

## 12. Liability for Additional Offenses

As part of this Plea Agreement and solely because of the promises made by Defendant in this Agreement, the U.S. Attorney's Office for the District of Massachusetts and the Environmental Crimes Section of the U.S. Department of Justice agree not to criminally prosecute Defendant in the District of Massachusetts for any other criminal offenses arising from the conduct underlying this case. Defendant understands and agrees that neither this paragraph nor this Plea Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Plea Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply,

including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing to restrict rights and opportunities of Defendant to contract with or receive assistance, loans, and benefits from United States agencies, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

13. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on Defendant's motion, this Agreement shall be null and void at the option of the United States.

14. Breach of Agreement

If the United States determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Agreement, the United States may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The United States may also pursue all remedies available to it under the law, regardless whether it elects to be released from its commitments under this Agreement. Further, the United States may pursue any and all charges that have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that her breach of any obligation under this Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the United States the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that Defendant may make, and any information, materials, documents or objects that Defendant may provide to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

15. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts and the Environmental Crimes Section of the U.S. Department of Justice, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, without exception. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

10

If this letter accurately reflects the agreement between the United States and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant United States Attorney David G. Tobin.

Very truly yours,

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

By: _____
GARY N. DONNER
Trial Attorney
Environmental Crimes Section

By: _____
RICHARD A. UDELL
Senior Litigation Counsel
Environmental Crimes Section

CARMEN M. ORTIZ
United States Attorney
District of Massachusetts

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division

JAMES D. HERBERT
Deputy Chief, Criminal Division

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter, and that I have received no prior offers to resolve this case. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and the Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty, and I believe this Agreement is in my best interest.

CARLA MARSH
Defendant

Date: _____

I certify that Carla Marsh has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the United States has not extended any other offers to resolve this matter.

KATHI LUCEY
Attorney for Defendant

Date: 1/30/2015